UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SOCIETE DES BAINS DE MER ET DU
CERCLE DES ETRANGERS A
MONACO,

                                                    Case No. 07 Civ 4802

                    Plaintiff,

                        vs.

PLAYSHARE PLC, GRAND
MONACO LTD., GAMSHARE (UK) LTD.,
LUCAN TOH, MAXWELL WRIGHT,
HILSTEAD LTD.,

                    Defendants.

## AFFIDAVIT OF ROBERT DANINO

I, **ROBERT DANINO**, of 32 Knightsbridge Close, Montagu Crescent, Gibraltar **MAKE OATH** and say as follows: -

1. I am an office messenger and outdoor clerk employed by Triay & Triay of 28 Irish Town, Gibraltar, a firm of lawyers.

2. I am advised by Mr Charles Simpson, a partner of Triay & Triay that the firm have been engaged to act as agent for the purpose of serving Court documents in relation to the above cited proceedings on one of the Defendants namely Hillstead Limited.

3. I am over 18 years of age and am not a party to the action.

4. Save where otherwise indicated, the facts and matters set out in this Affidavit are within my knowledge and are true. Where details stated

1

below are not within my own knowledge, I will state the source of my information and in each case I believe such information to be true.

5. Pursuant to instructions received from Mr Charles Simpson, I did on Thursday 14th June 2007 at approximately 3.30pm (Gibraltar time) attend Suite 2B, Centre Plaza, Main Street, Gibraltar and proceed to serve on Hillstead Limited the following documents:

   5.1   Covering letter from Triay & Triay dated 14th June 2007;

   5.2   Civil Cover Sheet;

   5.3   Complaint filed by Plaintiff;

   5.4   Summons dated 6th June 2007;

   5.5   Plaintiff's Disclosures pursuant to Rule 7.1;

   5.6   Individual Practices of Judge Deborah A Batts and Magistrate Judge Ronald L Ellis, together with "USDC/SDNY Instructions for Filing and Electronic Case or Appeal", "USDC/SDNY Procedures for Electronic Case Filing" and "USDC/SDNY Guidelines for Electronic Case Filing"

   5.7   Amended Complaint;

   5.8   Amended Summons dated 7th June 2007; and

   5.9   Letter to Judge Deborah A Batts dated 7th June 200

6. I am advised by Mr Simpson that Suite 2B, Centre Plaza, Main Street, Gibraltar is the registered address of Hillstead Limited, as referred to and named as Hilstead, Ltd. in the papers delivered for service in this action. I now refer to the exhibit marked "**RD1**" which contains a copy of a company profile obtained in respect of Hillstead Limited on 8th June 2006 and shows that the address I attended is the registered office of Hillstead Limited. Exhibit "**RD1**" also contains a copy of the covering letter from Triay & Triay referred to in 4.1 above with a signed acknowledgement of

receipt of the letter and accompanying documents which I hand delivered and left at the registered office. The person whom I left the documents with was Ms Tessa Perez, an accounts clerk. Ms Perez is a slim Caucasian woman, roughly 5'3" in height, with dark brown hair in her mid twenties.

7. I am further advised by Mr Simpson that leaving documents at a company's registered office constitutes good and valid service as a matter of Gibraltar law pursuant to section 376 of the Companies Act 1930. I am advised by Mr Simpson that Gibraltar's adoption of the Hague Convention does not preclude service by a party's legal representative.

8. Given that the documents were left by me at the registered office of Hillstead Limited, I am further advised by Mr Simpson that the deemed date of service is the day after it was hand delivered by me at the permitted address pursuant to Civil Procedure Rules ("CPR") Part ("Pt") 6.3. Accordingly service of the documents is deemed to have taken effect on Hillstead Limited on 15th June 2007 as a matter of Gibraltar law. I now refer to the exhibit marked "**RD2**" which contains a true copy of CPR Pt 6.7 and section 376 of the Companies Act 1930.

SWORN by the said )
**ROBERT DANINO** )
At 19 Town Range, Gibraltar )
This 22nd day of June 2007 )

Before me,

Commissioner for Oaths

F. A. PONS
COMMISSIONER FOR OATHS

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SOCIETE DES BAINS DE MER ET DU
CERCLE DES ETRANGERS A
MONACO,

Case No. 07 Civ 4802

Plaintiff,

vs.

PLAYSHARE PLC, GRAND
MONACO LTD., GAMSHARE (UK) LTD.,
LUCAN TOH, MAXWELL WRIGHT,
HILSTEAD LTD.,

Defendants.

---

**EXHIBIT RD1**

---

This is the exhibit marked "**RD1**" referred to in the Affidavit of Robert Danino sworn before me this 22nd day of June 2007.

*[signature]*

COMMISSIIONER FOR OATHS

F. A. PONS
COMMISSIONER FOR OATHS

## Latest / Current Available Information on Company :

| | |
|---|---|
| Operator | Generic Web User |
| Incorporation No. | 96243 |
| Date Profile Issued | 8/06/2007 |
| Name | HILLSTEAD LIMITED |
| Incorporation Date | 18/04/2006 |
| Type | PRIVATE COMPANY LIMITED BY SHARES |
| Status | |
| Last Annual Return filed: made up to | 00/00/00 |
| Last Accounts filed made up to | 00/00/00 |
| Registered Office | SUITE 2B, CENTRE PLAZA, MAIN STREET, GIBRALTAR |

Authorised Share Capital :
GBP 2,000.00 divided into :    2000 ORDINARY shares of GBP 1 each

| | |
|---|---|
| No. of Auth. Share | 2000 |
| No. of Issu. Share | 2000 |

### Shareholders

| | |
|---|---|
| Name | NADEN INC. |
| Address | 1 MAPP STREET, BELIZE CITY, BELIZE |
| Nationality | |
| Occupation | LIMITED COMPANY |
| Shares held | 2000 ORDINARY shares of GBP 1 each |

### Directors

| | |
|---|---|
| Name | ALAN DAVID GRAVETT |
| Address | 322 WATERGARDENS, GIBRALTAR |
| Nationality | BRITISH |
| Occupation | DIRECTOR |
| Appointed On | 23/11/2006 |
| Resigned on | |

### Secretaries

| | |
|---|---|
| Name | PRIME SECRETARIES LIMITED |
| Address | SUITE 2B, CENTRE PLAZA, MAIN STREET, GIBRALTAR |
| Nationality | |
| Occupation | LIMITED COMPANY |
| Appointed On | 23/11/2006 |
| Resigned on | |

.../...

.../...

This information has been extracted from public records held at the Registry of Companies in Gibraltar. However, the information is only as accurate as that which is filed by the Company.

For a more in-depth historical record of the Company it is necessary to carry out a search of the Company's File at Companies House.

Copies of any public documents filed at the Registry are available subject to payment of a fee

# TRIAY & TRIAY
BARRISTERS - SOLICITORS

Direct Fax: 00 350 44650
Our ref: CS/ED/
Your ref:

14 June 2007

**By Hand**

Hillstead Limited
Suite 2B
Centre Plaza
Main Street
Gibraltar

DATE: 14/6/07 TIME: 15:30

SIGNED BY: [signature]

NAME IN BLOCK LETTERS: TESSA PEREZ

POSITION: ACCOUNTS CLERK.

Dear Sirs

**Re: Société des Bains de Mer et du Cercle des Étrangers à Monaco v (1) PlayShare PLC (2) Grand Monaco Ltd, (3) GamShare (UK) Ltd, (4) Lucan Toh, (5) Maxwell Wright and (6) Hilstead Limited
United State District Court, Southern District of New York
Case No 07 Civ 482**

We refer to the above matter and confirm that we have been instructed as agents for the purpose of serving the enclosed documentation. Accordingly, we enclose by way of service the following documents, which have been filed in the United States District Court;

1. Civil Cover Sheet;

2. Complaint filed by Plaintiff;

3. Summons dated 6 June 2007;

4. Plaintiff's Disclosures pursuant to Rule 7.1;

5. Individual Practices of Judge Deborah A. Baths and Magistrate Judge Ronald L. Ellis, together with "USDC/SDNY Instructions for Filing and Electronic Case or Appeal", "USDC/SDNY Procedures for Electronic Case Filing" and "USDC/SDNY Guidelines for Electronic Case Filing;

6. Amended Complaint;

(T&T)

T&T

7. Amended Summons dated 7 June 2007; and

8. Letter to Judge Deborah A. Batts dated 7 June 2007.

Yours faithfully

**Triay & Triay**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SOCIETE DES BAINS DE MER ET DU
CERCLE DES ETRANGERS A
MONACO,

                                                                  Case No. 07 Civ 4802

                        Plaintiff,

                            vs.

PLAYSHARE PLC, GRAND
MONACO LTD., GAMSHARE (UK) LTD.,
LUCAN TOH, MAXWELL WRIGHT,
HILSTEAD LTD.,

                        Defendants.

---

**EXHIBIT RD2**

---

This is the exhibit marked "**RD2**" referred to in the Affidavit of Robert Danino sworn before me this 22nd day of June 2007.

*[signature]*

COMMISSIONER FOR OATHS

F. A. PONS
COMMISSIONER FOR OATHS

# CIVIL PROCEDURE

## Volume 1

The Civil Procedure Rules and Practice Directions contained in this volume are up-to-date to April 6, 2007. For further updates, see http://www.sweetandmaxwell.co.uk/whitebook/

LONDON

SWEET & MAXWELL

2007

(Part 21 contains rules about the appointment of a litigation friend).

**"Children and patients"**

6.6.1   Part 21 is entitled "Children and Patients" and deals generally with this topic. "Child" means a person under 18 (r.21.1(2)(c)) and "patient" means a person who by reason of mental disorder within the meaning of the Mental Health Act 1983 is incapable of managing and administering his own affairs (r.21.1(2)(b)).

Generally, a patient or child must have a "litigation friend" (see r.21.2).

The terms "Persons under Disability" is no longer in use.

**Deemed service[1]**

6.7   6.7—(1) A document which is served in accordance with these rules or any relevant practice direction shall be deemed to be served on the day shown in the following table.

| Method of service | Deemed day of service |
|---|---|
| First class post (or an alternative service which provides for delivery on the next working day) | The second day after it was posted. |
| Document exchange | The second day after it was left at the document exchange. |
| Delivering the document to or leaving it at a permitted address | The day after it was delivered to or left at the permitted address. |
| Fax | • If it is transmitted on a business day before 4 p.m., on that day; or<br>• in any other case, on the business day after the day on which it is transmitted. |
| Other electronic method | The second day after the day on which it is transmitted. |

(2) If a document is served personally—
 (a) after 5 p.m., on a business day; or
 (b) at any time on a Saturday, Sunday or a Bank Holiday,
it will be treated as being served on the next business day.

(3) In this rule—

"business day" means any day except Saturday, Sunday or a bank holiday; and

"bank holiday" includes Christmas Day and Good Friday.

**History of rule**

6.7.1   Amended by the Civil Procedure (Amendment) Rules 2000 (SI 2000/221). Further

---

[1] Amended by Civil Procedure (Amendment) Rules 2000 (SI 2000/221) and Civil Procedure (Amendment No.4) Rules 2005 (SI 2005/3515).

132

# COMPANIES ACT

**Principal Act**

Act. No. 1930-07    Commencement    1.2.1930
                    Assent          28.11.1930

| Amending enactments | Relevant current provisions | Commencement date |
|---|---|---|
| Acts. 1932-15 | ss.17(1), 18(4), 196(2), 231(2), 244(1) and (2), 246(1), 317(2) and (7), 352(1), 358 and Sch.1 | |
| 1933-04 | s.246(1) | |
| 1934-15 | s.305(1) | |
| 1948-20 | s.334 | |
| 1949-25 | s.221 | |
| 1952-17 | s.231(3) | |
| 1953-15 | s.17 | |
| 1955-17 | s.305(1) | |
| 1956-24 | – | |
| 1962-16 | s.383(1) | |
| 1969-09 | s.384 | |
| 1971-09 | Sch.8 | |
| 1972-16 | ss.17(1) and 20 | |
| 1972-18 | ss.28, 43, 142 and 350 | |
| 1974-16 | s.164 | |
| LN. 1975/061 | s. 13 | |
| Acts. 1980-04 | s. 343(3) | |
| 1982-32 | ss.348 and 383 and Sch. 8 | |
| 1983-43 | s. 180(2) and (3) | |
| 1983-48 | ss.221, 244(2), 305(1), 310(2), 311(1) and 352(1) | |
| 1987-30 | ss.7(1) to (5) and (7) to (14) | 24.12.1987 |
| " " | s. 305(1) | 5.5.1988 |
| " " | ss.17(1), (2)(d) and (3) to (6), 19(1) to (4), 20, 21 and 22 | 23.5.1988 |
| " " | ss.7(6), 93, 94 and Sch.3 | 17.1.1991 |
| 1988-22 | ss.183, 184, 185(2) and Sch.10 | 24.11.1988 |
| 1988-34 | s.309 | 1.1.1989 |
| LNs 1988/132 | Sch. 8 | 1.1.1989 |
| 1988/153 | – | 1.1.1989 |

© Government of Gibraltar (www.gibraltarlaws.gov.gi)

*General Provisions as to Offences.*

**Provision with respect to default fines and meaning of "officer in default".**

*(s.365).*

372. (1) Where by any enactment in this Act it is provided that a company and every officer of the company who is in default are liable to a default fine, the company and every such officer are, for every day during which the default, refusal or contravention continues, liable to a fine not exceeding such amount as is specified in the enactment, or, if the amount of the fine is not so specified, to a fine of one half of the amount at level 1 on the standard scale.

(2) For the purpose of any enactment in this Act which provides that an officer of a company who is in default is liable to a fine or penalty, the expression "officer who is in default" means any director, manager or other officer of the company, who knowingly and wilfully authorizes or permits the default, refusal or contravention mentioned in the enactment.

**Application of fines.**

373. The court imposing any fine under this Act may direct that the whole or any part thereof shall be applied in or towards payment of the costs of the proceedings, or in or towards rewarding the person on whose information or at whose suit the fine is recovered, and subject to any such direction all fines under this Act shall be paid into the Consolidated Fund.

*(s.367).*

**Saving as to private prosecutors.**

374. Nothing in this Act relating to the institution of criminal proceedings by the Attorney-General shall be taken to preclude any person from instituting or carrying on any such proceedings.

*(1929 c.23, s.368).*

**Saving for privileged communications.**

375. Where proceedings are instituted under this Act against any person by the Attorney-General, nothing in this Act shall be taken to require any person who has acted as solicitor for the defendant to disclose any privileged communication made to him in that capacity.

*(s.369).*

*Service of Documents and Legal Proceedings.*

**Service of documents on company.**

*(s.370).*

© Government of Gibraltar (www.gibraltarlaws.gov.gi)

**1930-07** 

## Companies

376. A document may be served on a company by leaving it at or sending it by post to the registered office of the company.

### Costs in actions by certain limited companies.

(s.371).

377. Where a limited company is plaintiff in any action or other legal proceeding, any judge having jurisdiction in the matter may, if it appears by credible testimony that there is reason to believe that the company will be unable to pay the costs of the defendant if successful in his defence, require sufficient security to be given for those costs, and may stay all proceedings until the security is given.

### Power of court to grant relief in certain cases.

(s.372).

378. (1)    If in any proceedings for negligence, default, breach of duty or breach of trust against a person to whom this section applies it appears to the court hearing the case that that person is or may be liable in respect of the negligence, default, breach of duty or breach of trust, but that he has acted honestly and reasonably, and that, having regard to all circumstances of the case, including those connected with his appointment, he ought fairly to be excused for the negligence, default, breach of duty or breach of trust, that court may relieve him, either wholly or partly, from his liability on such terms as the court thinks fit.

(2) Where any person to whom this section applies has reason to apprehend that any claim will or might be made against him in respect of any negligence, default, breach of duty or breach of trust, he may apply to the court for relief, and the court on any such application shall have the same power to relieve him as under this section it would have had if it had been a court before which proceedings against that person for negligence, default, breach of duty or breach of trust had been brought.

(3) Where any case to which subsection (1) applies is being tried by a judge with a jury, the judge, after hearing the evidence, may, if he is satisfied that the defendant ought in pursuance of that subsection to be relieved either in whole or in part from the liability sought to be enforced against him, withdraw the case in whole or in part from the jury and forthwith direct judgment to be entered for the defendant on such terms as to costs or otherwise as the judge may think proper.

(4) The persons to whom this section applies are the following:

 (a) directors of a company;

 (b) managers of a company;

 (c) officers of a company;

© Government of Gibraltar (www.gibraltarlaws.gov.gi)