UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SOCIETE DES BAINS DE MER ET DU :
CERCLE DES ETRANGERS A MONACO, :
                                    Plaintiff, :   07 Civ. 4802 (DAB) (RLE)

  vs.

                                        :          DECLARATION OF
PLAYSHARE PLC, GRAND MONACO LTD., :   MAXWELL WRIGHT IN
GAMSHARE (UK) LTD., LUCAN TOH,        SUPPORT OF MOTION TO
MAXWELL WRIGHT, HILSTEAD LTD., :     DISMISS

                                Defendants. :
------------------------------------------------------------x

       I, Maxwell Wright, hereby declare:

1.     I am Chief Executive Officer of defendant, Playshare PLC, and have personal knowledge of the matters set forth herein. I make this declaration in support of the motion by defendants to dismiss the Amended Complaint.

2.     PlayShare PLC, is a United Kingdom company that has offices at 7 Queen Street, Mayfair, London. Although I am temporarily working out of South Africa, my principal personal residence is in the United Kingdom, and I have no office or residence or other assets in the State of New York (or elsewhere in the United States). Nor do I personally employ anyone or have any agents in the State of New York. PlayShare likewise has no offices in the State of New York or elsewhere in the United States, no employees or agents there, and no real property or other assets there. The company is not licensed to do business in the State of New York and (as explained more fully below) we affirmatively decline to do business in the State of New York.

3.  Although the complaint names "Grand Monaco Ltd." as a party, there is no such legal entity. PlayShare does do business under the name "Grand Monaco Casino", and has acquired various domain names (including GrandMonacoCasino.com) and other related assets as part of the acquisition of the company, Naden, Inc. on November 1, 2006. However, there is no legal entity such as named in the complaint and, for its part, the unnamed entity, Naden, Inc., has no business presence in New York State. Moreover, although PlayShare does now offer on-line gaming services under the name "Grand Monaco Casino", it expressly refuses to allow consumers in New York State (and other states in the United States) to participate in such on-line gaming by blocking access to anyone who attempts to log-in to the Internet site with a New York address and by blocking any New-York-based IP addresses. Nor do we engage in any advertising or promotion in New York State or aimed at New York State residents. The servers for the on-line casino are based in Kahnawake Mohawk Territory, Quebec, Canada, where we have a gaming license.

4.  The one New York-based promotion to which the complaint refers, a gasoline giveaway in May 2006 (Complaint ¶ 39), was conducted to promote our entirely separate PokerShare.com on-line casino. In May 2006, PlayShare had not yet even acquired the Grand Monaco Casino business, which it did not do for another half year, and the gasoline promotion was entirely unrelated to the Grand Monaco Casino. The PokerShare businesses (as well as CasinoShare), are operated by PlayShare's subsidiary, GamShare. However, GamShare, which maintains offices at Suite 2B, Centre Plaza, Main Street, Gibraltar (and is organized under United Kingdom law), has no involvement with the Grand Monaco Casino. Moreover, it has no offices or other assets or property in New York State, and no employees or agents there, and since October 13, 2006, has ceased allowing any New Yorkers from using its services by

blocking access to anyone who attempts to log-in to the Internet site with a New York address and by blocking any New-York-based IP addresses.

5.  The defendant Hillstead, Ltd. is a subsidiary of Naden, Inc., but it too is not involved in the operation of the Grand Monaco Casino and does no business under that name (in New York or elsewhere). Rather, it simply handles back-office financial transactions for PlayShare. Because we block all New York State consumers from participating in the Grand Monaco Casino (or the PokerShare or CasinoShare casinos), Hillstead, Ltd. does no business in the State of New York. Hillstead, Ltd. is organized under United Kingdom law and has offices in Gibralter. It has no offices or assets in the State of New York and has no employees or agents there. It engages in no advertising or promotion of any kind – in New York or elsewhere.

6.  Although the Complaint alleges (in paragraphs 9 and 10) that Lucan Toh and I reside in the United Kingdom and are directors of PlayShare (and, in my own case, that I am also CEO of the company), Mr. Toh, who resides in the United Arab Emirates, resigned his positions with the company and thoroughly severed his ties in November 2006. Although he had helped register various domain names on behalf of the company, including certain of those domain names referred to in paragraph 32 of the Complaint, he has no personal interest in those domain names and, well before the Complaint was filed, had began transferring the domain names to me in a purely administrative capacity on behalf of the company. All of those domain names, the registrations for which have not been frozen by the registrar, GoDaddy, in connection with other litigation with Societe des Bains, have now been transferred. Neither of us has any real property or other assets in New York State, nor any agents or representatives in the state.

7.  Although PlayShare stands accused of infringing Societe des Bains' purported trademark "Casino de Monaco", I am not aware of any business conducted by Societe des Bains

under that name – in the United States or anywhere else. Societe des Bains does operate the Casino de Monte Carlo, which is based in Monaco, but I have never heard of or encountered any business called "Casino de Monaco". (And except for having read the allegations of the complaint, I was also not previously aware of any actual or purported business connection of Societe des Bains with the State of New York.) Moreover, although PlayShare did not acquire the Grand Monaco Casino business until November 2006, since as early as 2000, seven years before the complaint was filed, the name "Grand Monaco Casino" itself had been used by prior owners of the domain name grandmonaco.com . Moreover, as set forth in the Complaint itself (in particular at pages 9-11 of Exhibit D), many of the domain names challenged by Societe des Bains were registered (by Naden) before Societe des Bains obtained the trademark registration on which it relies. When we acquired those domain names, we had no reason to believe Societe des Bains or any other entity would ever seek to challenge our use of the domain names or the business name, Grand Monaco Casino.

I hereby declare under penalty of perjury under the laws of the United States of America this 20th day of July, 2007 that the foregoing is true and correct.

_____
Maxwell Wright

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 23rd day of July, 2007, I served a copy of **DECLARATION OF MAXWELL WRIGHT** on the attorneys for the Plaintiff, as designated below, by ECF Filing as follows:

>Robert L. Raskopf
>Alan Blum
>Lori E. Weiss
>QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
>51 Madison Avenue, 22nd Floor
>New York, NY 10010

>s\Jonathan Moskin
>Jonathan E. Moskin
>WHITE & CASE LLP
>1155 Avenue of the Americas
>New York, New York 10036