UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
SOCIETE DES BAINS DE MER ET DU
CERCLE DES ETRANGERS A MONACO,
                    Plaintiff,

                                           07 Civ. 4802 (DAB)
       -against-                           ORDER

PLAYSHARE PLC, GRAND MONACO LTD.,
GAMSHARE (UK) LTD., LUCAN TOH,
MAXWELL WRIGHT, HILSTEAD LTD.,
                    Defendants.
------------------------------------------X
DEBORAH A. BATTS, United States District Judge.

   On June 7, 2007, Plaintiff Société des Bains de Mer et du Cercle des Etrangers à Monaco ("SBM") filed its Amended Complaint against Defendants. On July 23, 2007, Defendants filed a Motion to Dismiss for lack of personal jurisdiction. On October 30, 2007, the Court received a letter from Defendants requesting a conference "to address a possible motion by defendants for summary judgment or judgment on the pleadings on a narrow threshold issue." On November 1, 2007, the Court received a letter from Plaintiffs arguing that jurisdiction is a threshold issue, suggesting that Defendants "cannot avail themselves of a substantive ruling from this Court on the one hand, without submitting to the Court's jurisdiction on the other." On November 2, 2007, the Court received a letter from Defendants clarifying that Defendant PlayShare might consent to jurisdiction, and that "issues as to jurisdiction over the

1

defendants other than PlayShare could be shelved for the time being and that this action could be consolidated with the pending Arizona action." Finally, in a letter dated November 2, 2007, Plaintiffs wrote that "the threshold issue of jurisdiction must be addressed before this action may proceed on the merits."

Once a jurisdictional motion has been raised, it must be decided before the action may continue. Any substantive ruling is void if jurisdiction has not been properly established. Defendants' Motion to Dismiss is sub judice. However, Defendants' have also suggested that efficiency would be served if this action was consolidated with a pending action in Arizona.

Within 10 days of the date of this ORDER, Parties shall provide the Court with a letter as to the status of the litigation in Arizona, the details of the proposed consolidation, whether consent to consolidate can be obtained from the Plaintiff and each of the Defendants in this action, and how Parties plan to proceed in any of this before the jurisdictional issue is resolved either by the Parties or the Court.

SO ORDERED.

Dated:   New York, New York
         November 20, 2007

*Deborah A. Batts*
Deborah A. Batts
United States District Judge