UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - -x

SOCIETE DES BAINS DE MER ET DU      :
CERCLE DES ETRANGERS A
MONACO,                             :

               Plaintiff,    :

    vs.                            :

PLAYSHARE PLC., GRAND               :
MONACO LTD., GAMSHARE (UK)
LTD., LUCAN TOH, MAXWELL            :
WRIGHT, HILLSTEAD LTD.,
                    :

             Defendants.

- - - - - - - - - - - - - - - - - - - - - - - -x

**ECF Case**

Case No.  07 Civ. 4802 (DAB)

**REPLY TO COUNTERCLAIMS**

Plaintiff/Counterclaim-Defendant Société des Bains de Mer et du Cercle des Etrangers à

Monaco ("SBM" or "Plaintiff") by its attorneys Quinn Emanuel Urquhart Oliver & Hedges LLP,

replies to the Answer to Second Amended Complaint and Counterclaims of

Defendants/Counterclaim-Plaintiffs PlayShare PLC, Grand Monaco Ltd., GamShare (UK) Ltd.,

Lucan Toh, Maxwell Wright, and Hillstead Ltd. (collectively, "Defendants") as follows:

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE AND
### FIRST COUNTERCLAIM

1.      SBM admits the allegations of Paragraph 102 of the Answer and Counterclaims.

2.      SBM admits the allegations of Paragraph 103 of the Answer and Counterclaims.

3.      SBM admits the allegations of Paragraph 104 of the Answer and Counterclaims.

4.      SBM admits the allegations of Paragraph 105 of the Answer and Counterclaims.

5.      SBM admits that PlayShare purports to have acquired an online gaming business

operated under the name Grand Monaco Casino on or around November 2, 2006, and except as

so admitted lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 106 of the Answer and Counterclaims.

6.   SBM admits that PlayShare purports to be the beneficial owner, if not legal owner, of the domain names set forth in Paragraph 33 of the Second Amended Complaint, and except as so admitted lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 107 of the Answer and Counterclaims.

7.   SBM admits that certain of the domain names set forth in Paragraph 33 of the Second Amended Complaint were registered on or before December 20, 2005, and except as so admitted lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 108 of the Answer and Counterclaims.

8.   SBM admits that certain of the subject Monaco domain names were registered on or before December 20, 2005, and except as so admitted lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 109 of the Answer and Counterclaims.

9.   SBM admits that, prior to PlayShare's acquisition of the subject Monaco domain names, it was not aware of and had never objected to any purported use thereof by prior users thereof, and except as so admitted lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 110 of the Answer and Counterclaims.

10.   SBM lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 111 of the Answer and Counterclaims.

11.   SBM lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 112 of the Answer and Counterclaims.

12.   SBM lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 113 of the Answer and Counterclaims.

13.    SBM admits the allegations of Paragraph 114 of the Answer and Counterclaims.

14.    SBM lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 115 of the Answer and Counterclaims.

15.    SBM admits the allegations of Paragraph 116 of the Answer and Counterclaims.

16.    SBM lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 117 of the Answer and Counterclaims.

17.    SBM admits the allegations of Paragraph 118 of the Answer and Counterclaims.

18.    SBM admits that the English translation of the mark CASINO DE MONACO is "Casino of Monaco," and except as so stated denies of Paragraph 119 of the Answer and Counterclaims.

19.    SBM avers that it filed Application Serial No. 76/478,796 to register the CASINO DE MONACO trademark with the United States Patent & Trademark Office ("PTO") on December 24, 2002, and otherwise admits the allegations of Paragraph 120 of the Answer and Counterclaims.

20.    SBM admits that certain of the domain names set forth in Paragraph 33 of the Second Amended Complaint were registered on or before December 20, 2005, and except as so admitted lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 121 of the Answer and Counterclaims.

21.    SBM avers that Application Serial No. 76/478,796 to register the CASINO DE MONACO trademark was filed on an intent-to-use basis and under Section 44(d) of the Trademark Act, and otherwise admits the allegations of Paragraph 122 of the Answer and Counterclaims.

22.    SBM avers that Application Serial No. 76/478,796 was filed on an intent-to-use basis and under Section 44(d) of the Trademark Act, based upon Monegasque Application 02.23234, filed July 1, 2002, and otherwise admits the allegations of Paragraph 123 of the Answer and Counterclaims.

23.    SBM avers that it in the course of its prosecution of Application Serial No. 76/478,796 it made no claim to the exclusive right to use "casino" apart from the CASINO DE MONACO mark, and except as so stated denies the allegations of Paragraph 124 of the Answer and Counterclaims.

24.    SBM admits that the PTO initially refused registration of Application Serial No. 76/478,796 on the ground that it was geographically descriptive of SBM's goods and services, and except as so stated denies the allegations of Paragraph 125 of the Answer and Counterclaims.

25.    SBM admits that on September 15, 2004, it filed a response to the March 26, 2004 office action issued in connection with Application Serial No. 76/478,796, avers that the content of that document speaks for itself, and except as so stated denies the allegations of Paragraph 126 of the Answer and Counterclaims.

26.    SBM admits that on September 15, 2004, it filed a response to the March 26, 2004 office action issued in connection with Application Serial No. 76/478,796, avers that the content of that document speaks for itself, and except as so stated denies the allegations of Paragraph 127 of the Answer and Counterclaims.

27.    SBM admits that on September 15, 2004, it filed a response to the March 26, 2004 office action issued in connection with Application Serial No. 76/478,796, avers that the content

of that document speaks for itself, and except as so stated denies the allegations of Paragraph 128 of the Answer and Counterclaims.

28.    SBM admits that on September 15, 2004, it filed a response to the March 26, 2004 office action issued in connection with Application Serial No. 76/478,796, avers that the content of that document speaks for itself, and except as so stated denies the allegations of Paragraph 129 of the Answer and Counterclaims.

29.    SBM avers that the PTO issued a Notice of Allowance for Application No. 76/478,796 on May 24, 2005, and except as so stated lacks knowledge or information sufficient to admit or deny the allegations  the allegations of Paragraph 130 of the Answer and Counterclaims.

30.    SBM admits the allegations of Paragraph 131 of the Answer and Counterclaims.

31.    SBM admits the allegations of Paragraph 132 of the Answer and Counterclaims.

32.    SBM admits that on September 15, 2004, it filed a response to the March 26, 2004 office action issued in connection with Application Serial No. 76/478,796, avers that the content of that document speaks for itself, and except as so stated denies the allegations of Paragraph 133 of the Answer and Counterclaims.

33.    SBM denies the allegations of Paragraph 134 of the Answer and Counterclaims.

34.    SBM admits the allegations of Paragraph 135 of the Answer and Counterclaims.

35.    SBM admits that it filed a Partial Surrender and Amendment to Delete Services in Remaining Class in connection with Registration No. 3,031,006 on December 20, 2007, avers that the content of that document speaks for itself, and except as so stated denies the allegations of Paragraph 136 of the Answer and Counterclaims.

36.    SBM denies the allegations of Paragraph 137 of the Answer and Counterclaims.

37.    SBM denies the allegations of Paragraph 138 of the Answer and Counterclaims.

38.    SBM states that the allegations contained in Paragraph 139 are vague and ambiguous and, on that basis, SBM denies the allegations of Paragraph 139 of the Answer and Counterclaims.

39.    SBM denies the allegations of Paragraph 140 of the Answer and Counterclaims.

40.    SBM denies the allegations of Paragraph 141 of the Answer and Counterclaims.

41.    SBM denies the allegations of Paragraph 142 of the Answer and Counterclaims.

42.    SBM denies the allegations of Paragraph 143 of the Answer and Counterclaims.

43.    SBM denies the allegations of Paragraph 144 of the Answer and Counterclaims.

44.    SBM denies the allegations of Paragraph 145 of the Answer and Counterclaims.

45.    SBM denies the allegations of Paragraph 146 of the Answer and Counterclaims.

46.    SBM states that the allegations contained in Paragraph 147 are vague and ambiguous and, on that basis, SBM denies the allegations of Paragraph 147 of the Answer and Counterclaims.

47.    SBM denies the allegations of Paragraph 148 of the Answer and Counterclaims.

48.    SBM denies the allegations of Paragraph 149 of the Answer and Counterclaims.

49.    SBM denies the allegations of Paragraph 150 of the Answer and Counterclaims.

50.    SBM denies the allegations of Paragraph 151 of the Answer and Counterclaims.

51.    SBM denies the allegations of Paragraph 152 of the Answer and Counterclaims.

52.    SBM denies the allegations of Paragraph 153 of the Answer and Counterclaims.

53.    SBM denies the allegations of Paragraph 154 of the Answer and Counterclaims.

54.    SBM denies the allegations of Paragraph 155 of the Answer and Counterclaims.

55.    SBM denies the allegations of Paragraph 156 of the Answer and Counterclaims.

56.    SBM denies the allegations of Paragraph 157 of the Answer and Counterclaims.

57.    SBM denies the allegations of Paragraph 158 of the Answer and Counterclaims.

58.    SBM denies the allegations of Paragraph 159 of the Answer and Counterclaims.

59.    SBM denies the allegations of Paragraph 160 of the Answer and Counterclaims.

60.    SBM denies the allegations of Paragraph 161 of the Answer and Counterclaims.

61.    SBM lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 162 of the Answer and Counterclaims.

62.    SBM lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 163 of the Answer and Counterclaims.

63.    SBM admits the allegations of Paragraph 164 of the Answer and Counterclaims.

64.    SBM admits the allegations of Paragraph 165 of the Answer and Counterclaims.

65.    SBM avers that the content of the certificate of registration for Registration No. 3,031,006 speaks for itself, and otherwise denies the allegations of Paragraph 166 of the Answer and Counterclaims.

66.    SBM admits filing Application Serial No. 77/329,567 for the mark CASINO DE MONACO for "casino services" on November 14, 2007, and except as so admitted denies the allegations of Paragraph 167 of the Answer and Counterclaims.

67.    SBM avers that Application Serial No. 77/329,567 for the mark CASINO DE MONACO for "casino services" was filed on November 14, 2007, on an intent-to-use basis and under Section 44(d) of the Trademark Act, and otherwise admits the allegations of Paragraph 168 of the Answer and Counterclaims.

68.    SBM admits that Application Serial No. 77/329,567 is currently pending before the PTO, and except as so admitted denies the allegations of Paragraph 169 of the Answer and Counterclaims.

69.    SBM denies the allegations of Paragraph 170 of the Answer and Counterclaims.

70.    SBM denies the allegations of Paragraph 171 of the Answer and Counterclaims.

71.    SBM states that the allegations contained in Paragraph 172 are vague and ambiguous and, on that basis, SBM denies the allegations of Paragraph 172 of the Answer and Counterclaims.

72.    SBM denies the allegations of Paragraph 173 of the Answer and Counterclaims.

73.    SBM denies the allegations of Paragraph 174 of the Answer and Counterclaims.

74.    SBM denies the allegations of Paragraph 175 of the Answer and Counterclaims.

75.    SBM denies the allegations of Paragraph 176 of the Answer and Counterclaims.

76.    SBM denies the allegations of Paragraph 177 of the Answer and Counterclaims.

77.    SBM denies the allegations of Paragraph 178 of the Answer and Counterclaims.

78.    SBM denies the allegations of Paragraph 179 of the Answer and Counterclaims.

79.    SBM denies the allegations of Paragraph 180 of the Answer and Counterclaims.

80.    SBM denies the allegations of Paragraph 181 of the Answer and Counterclaims.

81.    SBM denies the allegations of Paragraph 182 of the Answer and Counterclaims.

82.    SBM denies the allegations of Paragraph 183 of the Answer and Counterclaims.

83.    SBM denies the allegations of Paragraph 184 of the Answer and Counterclaims.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE AND SECOND COUNTERCLAIM

84.    SBM reasserts and incorporates by reference its responses to the allegations contained in Paragraphs 102 through 184 of the Answer and Counterclaims.

85.  SBM denies the allegations of Paragraph 186 of the Answer and Counterclaims.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE AND
## THIRD COUNTERCLAIM

86.  SBM reasserts and incorporates by reference its responses to the allegations

contained in Paragraphs 102 through 186 of the Answer and Counterclaims.

87.  SBM denies the allegations of Paragraph 188 of the Answer and Counterclaims.

88.  SBM denies the allegations of Paragraph 189 of the Answer and Counterclaims.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE AND
## FOURTH COUNTERCLAIM

89.  SBM reasserts and incorporates by reference its responses to the allegations

contained in Paragraphs 102 through 189 of the Answer and Counterclaims.

90.  SBM denies the allegations of Paragraph 191 of the Answer and Counterclaims.

91.  SBM denies the allegations of Paragraph 192 of the Answer and Counterclaims.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE AND
## FIFTH COUNTERCLAIM

92.  SBM reasserts and incorporates by reference its responses to the allegations

contained in Paragraphs 102 through 192 of the Answer and Counterclaims.

93.  SBM denies the allegations of Paragraph 194 of the Answer and Counterclaims.

94.  SBM denies the allegations of Paragraph 195 of the Answer and Counterclaims.

95.  SBM avers that it owns exclusive rights to the term "Monaco" in connection with

gambling, casino, and related services, and otherwise admits the allegations of Paragraph 196 of

the Answer and Counterclaims.

96.  SBM denies the allegations of Paragraph 197 of the Answer and Counterclaims.

97.  SBM denies the allegations of Paragraph 198 of the Answer and Counterclaims.

98.  SBM denies the allegations of Paragraph 199 of the Answer and Counterclaims.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE AND
### SIXTH COUNTERCLAIM

99.    SBM reasserts and incorporates by reference its responses to the allegations

contained in Paragraphs 102 through 199 of the Answer and Counterclaims.

100.    SBM admits that WIPO issued a decision dated May 25, 2007, directing a transfer

of 66 of the Monaco domain names to SBM, avers that the contents of the document speaks for

itself, and otherwise denies the allegations of Paragraph 201 of the Answer and Counterclaim.

101.    SBM admits that WIPO issued a decision dated May 25, 2007, directing a transfer

of 66 of the Monaco domain names to SBM, avers that the contents of the document speaks for

itself, and otherwise denies the allegations of Paragraph 202 of the Answer and Counterclaim.

102.    SBM admits that WIPO issued a decision dated May 25, 2007, directing a transfer

of 66 of the Monaco domain names to SBM, avers that the contents of the document speaks for

itself, and otherwise denies the allegations of Paragraph 203 of the Answer and Counterclaim.

103.    SBM denies the allegations of Paragraph 204 of the Answer and Counterclaim.

104.    SBM avers that the WHEREFORE paragraph and subparagraphs i through viii do

not contain any allegations that require a response.  To the extent Defendants' prayer for relief is

deemed by the Court to include allegations, SBM denies them.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

105.    Defendants' claims are barred, in whole or in part, because Defendants have

failed to state a claim for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Acquiescence)

106.    Defendants' claims are barred, in whole or in part, by the equitable principle of

acquiescence.

## THIRD AFFIRMATIVE DEFENSE
### (Unclean Hands)

107.    Defendants' claims are barred, in whole or in part, by the equitable principle of

unclean hands.

## FOURTH AFFIRMATIVE DEFENSE
### (Waiver)

108.    Defendants' claims are barred, in whole or in part, by the equitable principle of

waiver.

DATED:    New York, New York
          March 3, 2008

                                    QUINN EMANUEL URQUHART OLIVER &
                                    HEDGES, LLP


                                    By: _____
                                        Robert L. Raskopf (RR-5022)
                                        Lori E. Weiss (LW-7866)

                                    51 Madison Avenue, 22nd Floor
                                    New York, New York  10010
                                    Tel: (212) 849-7000
                                    Fax: (212) 849-7100

                                    ATTORNEYS FOR SOCIETE DES BAINS
                                    DE MER ET DU CERCLE DES
                                    ETRANGERS A MONACO

                                    *Of Counsel*:

                                    QUINN EMANUEL URQUHART OLIVER
                                    & HEDGES, LLP
                                    George R. Hedges
                                    865 S. Figueroa Street, 10th Floor
                                    Los Angeles, California 90017
                                    Tel: (213) 443-3000
                                    Fax: (213) 443-3100

11

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of March, 2008, I served a copy of Plaintiff's **REPLY TO COUNTERCLAIMS** on the attorneys for the Defendants, as designated below, by ECF Filing as follows:

>Jonathan E. Moskin
>WHITE & CASE LLP
>1155 Avenue of the Americas
>New York, New York 10036



>Lori E. Weiss
>QUINN EMANUEL URQUHART
>OLIVER & HEDGES, LLP
>51 Madison Avenue, 22nd Floor
>New York, New York  10010