UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - -x

                                            :        **ECF Case**

IN RE CASINO DE MONACO                      :        Case No.  07 Civ. 4802 (DAB)(RLE)
TRADEMARK LITIGATION.
                                            :        **REPLY TO AMENDED ANSWER TO**
                                                     **SECOND AMENDED COMPLAINT**
                                            :        **AND COUNTERCLAIMS**

                                            :

- - - - - - - - - - - - - - - - - - - - - - - - - - -x

        Plaintiff/Counterclaim-Defendant Société des Bains de Mer et du Cercle des Etrangers à

Monaco ("SBM" or "Plaintiff") by its attorneys Quinn Emanuel Urquhart Oliver & Hedges LLP,

replies to the Amended Answer to Second Amended Complaint and Counterclaims of

Defendant/Counterclaim-Plaintiff PlayShare PLC and Defendants Grand Monaco Ltd.,

GamShare (UK) Ltd., Lucan Toh, Maxwell Wright, and Hillstead Ltd. (collectively,

"Defendants") as follows:

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE AND FIRST COUNTERCLAIM

        1.      SBM admits the allegations of Paragraph 102 of the Amended Answer and

Counterclaims.

        2.      SBM admits the allegations of Paragraph 103 of the Amended Answer and

Counterclaims.

        3.      SBM denies that the counterclaims pleaded are substantial, and, except as so

stated, admits the allegations of Paragraph 104 of the Amended Answer and Counterclaims.

        4.      SBM admits the allegations of Paragraph 105 of the Amended Answer and

Counterclaims.

5.       SBM admits that PlayShare purports to have acquired an online gaming business operated under the name Grand Monaco Casino on or around November 2, 2006, and, except as so stated, lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 106 of the Amended Answer and Counterclaims.

6.       SBM admits that PlayShare purports to be the beneficial owner, if not legal owner, of the domain names set forth in Paragraph 33 of the Second Amended Complaint, that these domain names have been registered with GoDaddy.com, Inc., and were the subject of a prior proceeding between SBM, as Complainant, and Lucan Toh and Maxwell Wright, as Respondents, before the World Intellectual Property Organization ("WIPO"), and, except as so stated, lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 107 of the Amended Answer and Counterclaims.

7.       SBM admits that certain of the domain names set forth in Paragraph 33 of the Second Amended Complaint were registered on or before December 20, 2005, and, except as so stated, lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 108 of the Amended Answer and Counterclaims.

8.       SBM admits that certain of the subject Monaco domain names were registered on or before December 20, 2005, and, except as so stated, lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 109 of the Amended Answer and Counterclaims.

9.       SBM admits that prior to PlayShare's acquisition of the subject Monaco domain names it was not aware of and had not objected to any purported use thereof by prior users thereof, and, except as so stated, lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 110 of the Amended Answer and Counterclaims.

10.    SBM lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 111 of the Amended Answer and Counterclaims.

11.    SBM denies that there does not now exist and never existed any actual business named Casino de Monaco, and, except as so stated, lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 112 of the Amended Answer and Counterclaims.

12.    SBM lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 113 of the Amended Answer and Counterclaims.

13.    SBM refers to the Second Amended Complaint for the terms thereof, admits that it is not aware that either PlayShare or any of its subsidiaries have used the name CASINO DE MONACO per se, avers that PlayShare and its subsidiaries have used a colorable imitation of the name CASINO DE MONACO, and, except as so stated, denies the allegations of Paragraph 114 of the Amended Answer and Counterclaims.

14.    SBM lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 115 of the Amended Answer and Counterclaims.

15.    SBM refers to the Second Amended Complaint for the terms thereof, admits that it is not aware that either PlayShare or any of its subsidiaries have used the name CASINO DE MONTE-CARLO per se, avers that PlayShare and its subsidiaries have used a colorable imitation of the name CASINO DE MONTE-CARLO, and, except as so stated, denies the allegations of Paragraph 116 of the Amended Answer and Counterclaims.

16.    SBM lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 117 of the Amended Answer and Counterclaims.

17.    SBM refers to the Second Amended Complaint for the terms thereof, and, except as so stated, admits the allegations of Paragraph 118 of the Amended Answer and Counterclaims.

3

18.     SBM admits that the English translation of the mark CASINO DE MONACO is "Casino of Monaco," and, except as so stated, denies of Paragraph 119 of the Amended Answer and Counterclaims.

19.     SBM avers that it filed Application Serial No. 76/478,796 to register the CASINO DE MONACO trademark with the United States Patent & Trademark Office ("PTO") on December 24, 2002, and otherwise admits the allegations of Paragraph 120 of the Amended Answer and Counterclaims.

20.     SBM admits that certain of the domain names set forth in Paragraph 33 of the Second Amended Complaint were registered on or before December 20, 2005, and, except as so stated, lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 121 of the Amended Answer and Counterclaims.

21.     SBM avers that Application Serial No. 76/478,796 to register the CASINO DE MONACO trademark was filed on an intent-to-use basis and under Section 44(d) of the Trademark Act, refers to Application Serial No. 76/478,796 and the file history for the content thereof, and, except as so stated, denies the allegations of Paragraph 122 of the Amended Answer and Counterclaims.

22.     SBM admits that Application Serial No. 76/478,796 was filed on an intent-to-use basis and under Section 44(d) of the Trademark Act, based upon Monegasque Application 02.23234, filed July 1, 2002, that it did not claim use of the mark in commerce as a basis for registration, refers to Application Serial No. 76/478,796 and the file history for the content thereof, and, except as so stated, denies the allegations of Paragraph 123 of the Amended Answer and Counterclaims.

23.    SBM avers that it in the course of its prosecution of Application Serial No. 76/478,796 it made no claim to the exclusive right to use "casino" apart from the CASINO DE MONACO mark, and, except as so stated, denies the allegations of Paragraph 124 of the Amended Answer and Counterclaims.

24.    SBM admits that the PTO initially refused registration of Application Serial No. 76/478,796 on the ground that it was geographically descriptive of SBM's goods and services, and, except as so stated, denies the allegations of Paragraph 125 of the Amended Answer and Counterclaims.

25.    SBM admits that on September 15, 2004, it filed a response to the March 26, 2004 office action issued in connection with Application Serial No. 76/478,796, avers that the content of that document speaks for itself, and, except as so stated, denies the allegations of Paragraph 126 of the Amended Answer and Counterclaims.

26.    SBM admits that on September 15, 2004, it filed a response to the March 26, 2004 office action issued in connection with Application Serial No. 76/478,796, avers that the content of that document speaks for itself, and, except as so stated, denies the allegations of Paragraph 127 of the Amended Answer and Counterclaims.

27.    SBM admits that on September 15, 2004, it filed a response to the March 26, 2004 office action issued in connection with Application Serial No. 76/478,796, avers that the content of that document speaks for itself, and, except as so stated, denies the allegations of Paragraph 128 of the Amended Answer and Counterclaims.

28.    SBM denies the allegations of Paragraph 129 of the Amended Answer and Counterclaims.

29.     SBM admits the allegations of Paragraph 130 of the Amended Answer and Counterclaims.

30.     SBM admits that on September 15, 2004, it filed a response to the March 26, 2004 office action issued in connection with Application Serial No. 76/478,796, avers that the content of that document speaks for itself, and, except as so stated, denies the allegations of Paragraph 131 of the Amended Answer and Counterclaims.

31.     SBM avers that the PTO issued a Notice of Allowance for Application No. 76/478,796 on May 24, 2005, and, except as so stated, lacks knowledge or information sufficient to admit or deny the allegations  the allegations of Paragraph 132 of the Amended Answer and Counterclaims.

32.     SBM admits the allegations of Paragraph 133 of the Amended Answer and Counterclaims.

33.     SBM admits that it owns Registration No. 3,031,006 for the mark CASINO DE MONACO, refers to Registration No. 3,031,006 and the file history for the contents thereof, and, except as so stated, denies the allegations of Paragraph 134 of the Amended Answer and Counterclaims.

34.     SBM admits that on September 15, 2004, it filed a response to the March 26, 2004 office action issued in connection with Application Serial No. 76/478,796, avers that the content of that document speaks for itself, and, except as so stated, denies the allegations of Paragraph 135 of the Amended Answer and Counterclaims.

35.     SBM denies the allegations of Paragraph 136 of the Amended Answer and Counterclaims.

36.     SBM admits that it filed a Partial Surrender and Amendment to Delete Services in Remaining Class in connection with Registration No. 3,031,006 on December 20, 2007, avers that the content of that document speaks for itself, and, except as so stated, denies the allegations of Paragraph 137 of the Amended Answer and Counterclaims.

37.     SBM admits that the PTO granted the Partial Surrender and Amendment to Delete Services in Remaining Class in connection with Registration No. 3,031,006, refers to Registration No. 3,031,006 for the contents thereof, and, except as so stated, denies the allegations of Paragraph 138 of the Amended Answer and Counterclaims.

38.     SBM denies the allegations of Paragraph 139 of the Amended Answer and Counterclaims.

39.     SBM denies the allegations of Paragraph 140 of the Amended Answer and Counterclaims.

40.     SBM denies the allegations of Paragraph 141 of the Amended Answer and Counterclaims.

41.     SBM denies the allegations of Paragraph 142 of the Amended Answer and Counterclaims.

42.     SBM states that the allegations contained in Paragraph 143 are vague and ambiguous and, on that basis, SBM denies the allegations of Paragraph 143 of the Amended Answer and Counterclaims.

43.     SBM states that the allegations contained in Paragraph 144 are vague and ambiguous and, on that basis, SBM denies the allegations of Paragraph 144 of the Amended Answer and Counterclaims.

44.     SBM denies the allegations of Paragraph 145 of the Amended Answer and Counterclaims.

45.     SBM denies the allegations of Paragraph 146 of the Amended Answer and Counterclaims.

46.     SBM denies the allegations of Paragraph 147 of the Amended Answer and Counterclaims.

47.     SBM denies the allegations of Paragraph 148 of the Amended Answer and Counterclaims.

48.     SBM denies the allegations of Paragraph 149 of the Amended Answer and Counterclaims.

49.     SBM denies the allegations of Paragraph 150 of the Amended Answer and Counterclaims.

50.     SBM denies the allegations of Paragraph 151 of the Amended Answer and Counterclaims.

51.     SBM denies the allegations of Paragraph 152 of the Amended Answer and Counterclaims.

52.     SBM denies the allegations of Paragraph 153 of the Amended Answer and Counterclaims.

53.     SBM denies the allegations of Paragraph 154 of the Amended Answer and Counterclaims.

54.     SBM denies the allegations of Paragraph 155 of the Amended Answer and Counterclaims.

55.     SBM denies the allegations of Paragraph 156 of the Amended Answer and Counterclaims.

56.     SBM denies the allegations of Paragraph 157 of the Amended Answer and Counterclaims.

57.     SBM states that the allegations contained in Paragraph 158 are vague and ambiguous and, on that basis, SBM denies the allegations of Paragraph 158 of the Amended Answer and Counterclaims.

58.     SBM denies the allegations of Paragraph 159 of the Amended Answer and Counterclaims.

59.     SBM denies the allegations of Paragraph 160 of the Amended Answer and Counterclaims.

60.     SBM denies the allegations of Paragraph 161 of the Amended Answer and Counterclaims.

61.     SBM denies the allegations of Paragraph 162 of the Amended Answer and Counterclaims.

62.     SBM denies the allegations of Paragraph 163 of the Amended Answer and Counterclaims.

63.     SBM denies the allegations of Paragraph 164 of the Amended Answer and Counterclaims.

64.     SBM admits the allegations of Paragraph 165 of the Amended Answer and Counterclaims.

65.     SBM denies the allegations of Paragraph 166 of the Amended Answer and Counterclaims.

66.    SBM admits the allegations of Paragraph 167 of the Amended Answer and Counterclaims.

67.    SBM denies the allegations of Paragraph 168 of the Amended Answer and Counterclaims.

68.    SBM denies the allegations of Paragraph 169 of the Amended Answer and Counterclaims.

69.    SBM avers that the allegations contained in Paragraph 170 are vague and ambiguous and, on that basis, SBM denies the allegations of Paragraph 170 of the Amended Answer and Counterclaims.

70.    SBM avers that the allegations contained in Paragraph 171 are vague and ambiguous and, on that basis, SBM denies the allegations of Paragraph 171 of the Amended Answer and Counterclaims.

71.    SBM avers that the allegations contained in Paragraph 172 are vague and ambiguous and, on that basis, SBM denies the allegations of Paragraph 172 of the Amended Answer and Counterclaims.

72.    SBM avers that the allegations contained in Paragraph 173 are vague and ambiguous and, on that basis, SBM denies the allegations of Paragraph 173 of the Amended Answer and Counterclaims.

73.    SBM avers that the allegations contained in Paragraph 174 are vague and ambiguous and, on that basis, SBM denies the allegations of Paragraph 174 of the Amended Answer and Counterclaims.

74.    SBM denies the allegations of Paragraph 175 of the Amended Answer and Counterclaims..

75.    SBM denies the allegations of Paragraph 176 of the Amended Answer and Counterclaims.

76.    SBM denies the allegations of Paragraph 177 of the Amended Answer and Counterclaims.

77.    SBM denies the allegations of Paragraph 178 of the Amended Answer and Counterclaims.

78.    SBM denies the allegations of Paragraph 179 of the Amended Answer and Counterclaims.

79.    SBM denies the allegations of Paragraph 180 of the Amended Answer and Counterclaims.

80.    SBM lacks knowledge or information sufficient to admit or deny the allegations the allegations of Paragraph 181 of the Amended Answer and Counterclaims.

81.    SBM lacks knowledge or information sufficient to admit or deny the allegations the allegations of Paragraph 182 of the Amended Answer and Counterclaims.

82.    SBM admits the allegations  the allegations of Paragraph 183 of the Amended Answer and Counterclaims.

83.    SBM admits the allegations  the allegations of Paragraph 184 of the Amended Answer and Counterclaims.

84.    SBM avers that the content of the certificate of registration for Registration No. 3,031,006 speaks for itself, and, except as so stated, denies the allegations of Paragraph 185 of the Amended Answer and Counterclaims.

85.    SBM admits that on November 14, 2007, it filed Application Serial No. 77/329,567 for the mark CASINO DE MONACO, refers to Application Serial No. 77/329,567

and the file history for the contents thereof, and, except as so stated, denies the allegations of Paragraph 186 of the Amended Answer and Counterclaims.

86.     SBM admits that it did not claim use in commerce as a basis for registration in connection with Application Serial No. 77/329,567, avers that it claimed intent-to-use and Section 44(d) of the Trademark Act as bases of registration, refers to Application Serial No. 77/329,567 and the file history for the contents thereof, and, except as so stated, denies the allegations of Paragraph 187 of the Amended Answer and Counterclaims.

87.     SBM admits that Application Serial No. 77/329,567 is currently pending before the PTO, and, except as so stated, denies the allegations of Paragraph 188 of the Answer and Counterclaims.

88.     SBM denies the allegations of Paragraph 189 of the Amended Answer and Counterclaims.

89.     SBM denies the allegations of Paragraph 190 of the Amended Answer and Counterclaims.

90.     SBM states that the allegations contained in Paragraph 191 are vague and ambiguous and, on that basis, SBM denies the allegations of Paragraph 191 of the Amended Answer and Counterclaims.

91.     SBM denies the allegations of Paragraph 192 of the Amended Answer and Counterclaims.

92.     SBM denies the allegations of Paragraph 193 of the Amended Answer and Counterclaims.

93.     SBM denies the allegations of Paragraph 194 of the Amended Answer and Counterclaims.

94.     SBM denies the allegations of Paragraph 195 of the Amended Answer and Counterclaims.

95.     SBM denies the allegations of Paragraph 196 of the Amended Answer and Counterclaims.

96.     SBM denies the allegations of Paragraph 197 of the Amended Answer and Counterclaims.

97.     SBM denies the allegations of Paragraph 198 of the Amended Answer and Counterclaims.

98.     SBM denies the allegations of Paragraph 199 of the Amended Answer and Counterclaims.

99.     SBM avers that the allegations contained in Paragraph 200 are vague and ambiguous and, on that basis, SBM denies the allegations of Paragraph 200 of the Amended Answer and Counterclaims.

100.     SBM avers that the allegations contained in Paragraph 201 are vague and ambiguous and, on that basis, SBM denies the allegations of Paragraph 201 of the Amended Answer and Counterclaims.

101.     SBM avers that the allegations contained in Paragraph 202 are vague and ambiguous and, on that basis, SBM denies the allegations of Paragraph 202 of the Amended Answer and Counterclaims.

102.     SBM avers that the allegations contained in Paragraph 203 are vague and ambiguous and, on that basis, SBM denies the allegations of Paragraph 203 of the Amended Answer and Counterclaims.

103.    SBM avers that the allegations contained in Paragraph 204 are vague and ambiguous and, on that basis, SBM denies the allegations of Paragraph 204 of the Amended Answer and Counterclaims.

104.    SBM avers that the allegations contained in Paragraph 205 are vague and ambiguous and, on that basis, SBM denies the allegations of Paragraph 205 of the Amended Answer and Counterclaims.

105.    SBM avers that the allegations contained in Paragraph 206 are vague and ambiguous and, on that basis, SBM denies the allegations of Paragraph 206 of the Amended Answer and Counterclaims.

106.    SBM avers that the allegations contained in Paragraph 207 are vague and ambiguous and, on that basis, SBM denies the allegations of Paragraph 207 of the Amended Answer and Counterclaims.

107.    SBM avers that the allegations contained in Paragraph 208 are vague and ambiguous and, on that basis, SBM denies the allegations of Paragraph 208 of the Amended Answer and Counterclaims.

108.    SBM avers that the allegations contained in Paragraph 209 are vague and ambiguous and, on that basis, SBM denies the allegations of Paragraph 209 of the Amended Answer and Counterclaims.

109.    SBM denies the allegations of Paragraph 210 of the Amended Answer and Counterclaims.

110.    SBM denies the allegations of Paragraph 211 of the Amended Answer and Counterclaims.

111.    SBM denies the allegations of Paragraph 212 of the Amended Answer and Counterclaims.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE AND
## SECOND COUNTERCLAIM

112.    SBM reasserts and incorporates by reference its responses to the allegations contained in Paragraphs 102 through 212 of the Amended Answer and Counterclaims.

113.    SBM denies the allegations of Paragraph 214 of the Amended Answer and Counterclaims.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE AND
## THIRD COUNTERCLAIM

114.    SBM reasserts and incorporates by reference its responses to the allegations contained in Paragraphs 102 through 214 of the Amended Answer and Counterclaims.

115.    SBM denies the allegations of Paragraph 216 of the Amended Answer and Counterclaims.

116.    SBM denies the allegations of Paragraph 217 of the Amended Answer and Counterclaims.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE AND
## FOURTH COUNTERCLAIM

117.    SBM reasserts and incorporates by reference its responses to the allegations contained in Paragraphs 102 through 217 of the Amended Answer and Counterclaims.

118.    SBM denies the allegations of Paragraph 219 of the Amended Answer and Counterclaims.

119.    SBM denies the allegations of Paragraph 220 of the Amended Answer and Counterclaims.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE AND
## FIFTH COUNTERCLAIM - STATED IN THE ALTERNATIVE

120.    SBM reasserts and incorporates by reference its responses to the allegations contained in Paragraphs 102 through 220 of the Amended Answer and Counterclaims.

121.    SBM avers that on November 14, 2007, it filed U.S. Trademark Application Serial No. 77/329,593 for the CASINO DE MONTE-CARLO mark with the PTO for "casino services," claiming a first use date of December 31, 1863, and a first use in commerce date of December 31, 1984, which is currently pending before the PTO, and, except as so stated, admits the allegations of Paragraph 222 of the Amended Answer and Counterclaims.

122.    SBM admits the allegations of Paragraph 223 of the Amended Answer and Counterclaims.

123.    SBM admits that on March 5, 2008, the PTO issued an office action, avers that the content of that document speaks for itself, and, except as so stated, denies the allegations of Paragraph 224 of the Amended Answer and Counterclaims.

124.    SBM admits that on March 5, 2008, the PTO issued an office action, avers that the content of that document speaks for itself, and, except as so stated, denies the allegations of Paragraph 225 of the Amended Answer and Counterclaims.

125.    SBM admits that on March 5, 2008, the PTO issued an office action, avers that the content of that document speaks for itself, and, except as so stated, denies the allegations of Paragraph 226 of the Amended Answer and Counterclaims.

126.    SBM lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 227 of the Amended Answer and Counterclaims.

127.    SBM lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 228 of the Amended Answer and Counterclaims.

128.    SBM lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 229 of the Amended Answer and Counterclaims.

129.    SBM denies the allegations of Paragraph 230 of the Amended Answer and Counterclaims.

130.    SBM states that the allegations contained in Paragraph 231 are vague and ambiguous and, on that basis, SBM denies the allegations of Paragraph 231 of the Amended Answer and Counterclaims.

131.    SBM denies the allegations of Paragraph 232 of the Amended Answer and Counterclaims.

132.    SBM denies the allegations of Paragraph 233 of the Amended Answer and Counterclaims.

133.    SBM denies the allegations of Paragraph 234 of the Amended Answer and Counterclaims.

134.    SBM admits the allegations of Paragraph 235 of the Amended Answer and Counterclaims.

135.    SBM admits the allegations of Paragraph 236 of the Amended Answer and Counterclaims.

136.    SBM avers that the allegations contained in Paragraph 237 are vague and ambiguous and, on that basis, SBM denies the allegations of Paragraph 237 of the Amended Answer and Counterclaims.

137.    SBM avers that the allegations contained in Paragraph 238 are vague and ambiguous and, on that basis, SBM denies the allegations of Paragraph 238 of the Amended Answer and Counterclaims.

138.    SBM admits the allegations of Paragraph 239 of the Amended Answer and Counterclaims.

139.    SBM avers that the allegations contained in Paragraph 240 are vague and ambiguous and, on that basis, SBM denies the allegations of Paragraph 240 of the Amended Answer and Counterclaims.

140.    SBM avers that the allegations contained in Paragraph 241 are vague and ambiguous and, on that basis, SBM denies the allegations of Paragraph 241 of the Amended Answer and Counterclaims.

141.    SBM denies the allegations of Paragraph 242 of the Amended Answer and Counterclaims.

142.    SBM avers that the allegations contained in Paragraph 243 are vague and ambiguous and, on that basis, SBM denies the allegations of Paragraph 243 of the Amended Answer and Counterclaims.

143.    SBM avers that the allegations contained in Paragraph 244 are vague and ambiguous and, on that basis, SBM denies the allegations of Paragraph 244 of the Amended Answer and Counterclaims.

144.    SBM avers that the allegations contained in Paragraph 245 are vague and ambiguous and, on that basis, SBM denies the allegations of Paragraph 245 of the Amended Answer and Counterclaims.

145.    SBM denies the allegations of Paragraph 246 of the Amended Answer and Counterclaims.

146.    SBM avers that the allegations of Paragraph 247 calls for legal conclusions to which no response is required, refers to the history of International Bancorp, L.L.C. v. Societe

Des Baines De Mer Et Du Cercle Des Estrangers A Monaco, 192 F. Supp.2d 467 (E.D. Va. 2002) for the facts thereof, and, except as so stated, denies the allegations of Paragraph 247 of the Amended Answer and Counterclaims.

147.    SBM avers that the allegations of Paragraph 248 calls for legal conclusions to which no response is required, refers to the history of International Bancorp, L.L.C. v. Societe Des Baines De Mer Et Du Cercle Des Estrangers A Monaco, 192 F. Supp.2d 467 (E.D. Va. 2002) for the facts thereof, and, except as so stated, denies the allegations of Paragraph 248 of the Amended Answer and Counterclaims.

148.    SBM denies the allegations of Paragraph 249 of the Amended Answer and Counterclaims.

149.    SBM denies the allegations of Paragraph 250 of the Amended Answer and Counterclaims.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE AND SIXTH COUNTERCLAIM - STATED IN THE ALTERNATIVE

150.    SBM reasserts and incorporates by reference its responses to the allegations contained in Paragraphs 102 through 250 of the Amended Answer and Counterclaims.

151.    SBM denies the allegations of Paragraph 252 of the Amended Answer and Counterclaims.

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE AND SEVENTH COUNTERCLAIM

152.    SBM reasserts and incorporates by reference its responses to the allegations contained in Paragraphs 102 through 252 of the Amended Answer and Counterclaims.

153.    SBM denies the allegations of Paragraph 254 of the Amended Answer and Counterclaims.

154.    SBM denies the allegations of Paragraph 255 of the Amended Answer and Counterclaims.

155.    SBM avers that the allegations of Paragraph 256 calls for a legal conclusion to which no response is required, and, except as so stated, denies the allegations of Paragraph 256 of the Amended Answer and Counterclaims.

156.    SBM denies the allegations of Paragraph 257 of the Amended Answer and Counterclaims.

157.    SBM denies the allegations of Paragraph 258 of the Amended Answer and Counterclaims.

158.    SBM denies the allegations of Paragraph 259 of the Amended Answer and Counterclaims.

## AS AND FOR AN NINETEENTH AFFIRMATIVE DEFENSE AND EIGHTH COUNTERCLAIM

159.    SBM reasserts and incorporates by reference its responses to the allegations contained in Paragraphs 102 through 259 of the Amended Answer and Counterclaims.

160.    SBM admits that WIPO issued a decision dated May 25, 2007, directing a transfer of 66 of the Monaco domain names to SBM, avers that the contents of the document speaks for itself, and, except as so stated, denies the allegations of Paragraph 261 of the Amended Answer and Counterclaims.

161.    SBM admits that WIPO issued a decision dated May 25, 2007, directing a transfer of 66 of the Monaco domain names to SBM, avers that the contents of the document speaks for itself, and, except as so stated, denies the allegations of Paragraph 262 of the Amended Answer and Counterclaims.

162.    SBM admits that WIPO issued a decision dated May 25, 2007, directing a transfer of 66 of the Monaco domain names to SBM, avers that the contents of the document speaks for itself, and, except as so stated, denies the allegations of Paragraph 263 of the Amended Answer and Counterclaims.

163.    SBM denies the allegations of Paragraph 264 of the Amended Answer and Counterclaims.

164.    SBM denies the allegations of Paragraph 265 of the Amended Answer and Counterclaims.

165.    SBM avers that the WHEREFORE paragraph and subparagraphs i through viii do not contain any allegations that require a response.  To the extent Defendants' prayer for relief is deemed by the Court to include allegations, SBM denies them.

**FIRST AFFIRMATIVE DEFENSE**
**(Failure to State a Claim)**

166.    Defendants' claims are barred, in whole or in part, because Defendants have failed to state a claim for which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**
**(Acquiescence)**

167.    Defendants' claims are barred, in whole or in part, by the equitable principle of acquiescence.

**THIRD AFFIRMATIVE DEFENSE**
**(Unclean Hands)**

168.    Defendants' claims are barred, in whole or in part, by the equitable principle of unclean hands.

## FOURTH AFFIRMATIVE DEFENSE
### (Waiver)

169.    Defendants' claims are barred, in whole or in part, by the equitable principle of

waiver.

## FIFTH AFFIRMATIVE DEFENSE
### (Estoppel)

170.    Defendants' claims are barred, in whole or in part, by the equitable principle of

estoppel.

DATED:    New York, New York
          July 28, 2008

                              QUINN EMANUEL URQUHART OLIVER &
                              HEDGES, LLP


                              By: _____
                                  Robert L. Raskopf (RR-5022)
                                  Lori E. Weiss (LW-7866)

                              51 Madison Avenue, 22nd Floor
                              New York, New York  10010
                              Tel:  (212) 849-7000
                              Fax:  (212) 849-7100

                              ATTORNEYS FOR SOCIETE DES BAINS
                              DE MER ET DU CERCLE DES
                              ETRANGERS A MONACO

                              *Of Counsel*:

                              QUINN EMANUEL URQUHART OLIVER
                              & HEDGES, LLP
                              George R. Hedges
                              865 S. Figueroa Street, 10th Floor
                              Los Angeles, California 90017
                              Tel:  (213) 443-3000
                              Fax:  (213) 443-3100

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of July, 2008, I served a copy of Plaintiff's **REPLY TO AMENDED ANSWER TO SECOND AMENDED COMPLAINT AND COUNTERCLAIMS** on the attorneys for the Defendants, as designated below, by ECF Filing as follows:

       Jonathan E. Moskin
       WHITE & CASE LLP
       1155 Avenue of the Americas
       New York, New York 10036

       Lori E. Weiss
       QUINN EMANUEL URQUHART
       OLIVER & HEDGES, LLP
       51 Madison Avenue, 22nd Floor
       New York, New York  10010